### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION<br>NO. 22-CV-676 |
| V. | DISTRICT JUDGE<br>SHELLY D. DICK |
| AFFORDABLE RENT-TO-OWN, LLC D/B/A AFFORDABLE HOME FURNISHINGS | MAGISTRATE JUDGE<br>ERIN WILDER-DOOMES |

### CONSENT DECREE

### INTRODUCTION

Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), brought this action against the defendant Affordable Rent-to-Own, LLC d/b/a Affordable Home Furnishings under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of race and to provide appropriate relief to Christopher Hodge, the Charging Party on the instant charge of discrimination (No. 461-2020-00473). The EEOC's complaint arose from Mr. Hodge's charge of discrimination, alleging the same. Prior to filing its complaint, the EEOC issued a letter of determination ("determination"), stating that there was reasonable cause to believe that Defendant violated Title VII. The EEOC issued a notice of conciliation failure. Defendant has denied all allegations raised in the complaint and denies it engaged in unlawful employment practices on the basis of race against Mr. Hodge.

Jury

JURISDICTION & VENUE

In the interest of avoiding the costs and burdens of further litigation, and having engaged in extensive negotiations, the parties have agreed that this action should be resolved through the entry of this Consent Decree.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action was authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(l) and (3), and pursuant to Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Venue lies in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practices were being committed in Louisiana.

The parties acknowledge that this Court has personal jurisdiction over them and that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is **ORDERED AND DECREED**:

GENERAL

1.     This Decree resolves all claims and issues raised in Mr. Hodge's charge, the EEOC's determination on that charge, and the EEOC's complaint in this action.

2.      The Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim or issue arising from any other investigation or charge of discrimination against Defendant, or Defendant's defenses to such actions.

3.      The parties must each bear any costs and attorneys' fees they incurred in connection with this action, except that Defendant may be required to bear any costs and attorneys' fees the EEOC incurs in enforcing this Decree. Defendant must bear all costs and attorneys' fees necessary for them to comply with this Decree.

4.      This Decree constitutes a settlement of the action against Defendant.

5.      This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree.

6.      This Consent Decree represents the complete understanding among the parties regarding the matters discussed herein.

7.      If one or more provisions of this Consent Decree are deemed or rendered unlawful or unenforceable, the parties must attempt to meet and confer in good faith to decide whether and how such a provision must be amended to effectuate its purposes of the Decree. In any event, the unaffected provisions of the Decree will remain enforceable.

8.      The parties must take all steps necessary to effectuate the terms and conditions of this Consent Decree. A party seeking to amend the Decree must attempt to meet and confer with the others in good faith before making a request that the Court amend the Decree.

DEFINITIONS

9.      These definitions apply herein:

A.   "Defendant" means and refers to the named Defendant in this action, Affordable Rent-to-Own, LLC.

B.   "Covered employee" or "covered employees" means and refers to all individuals directly employed by Defendant, which includes store managers at store locations in Baton Rouge and elsewhere in Louisiana.

C.   "EEOC" means the Plaintiff, the U.S. Equal Employment Opportunity Commission, an agency of the United States.

D.   "Parties" mean the EEOC and Defendant.

E.   "Charge" or "charge of discrimination" means Mr. Hodge's charge of discrimination, No. 461-2020-00473.

F.   "Mr. Hodge" means Christopher Hodge.

G.   "Management employee" or "management-level employee" means an assistant manager, store manager, zone manager, regional manager, department head, executive officer, owner involved in business operations, or any employee involved in making or reviewing personnel decisions or policy.

H.   "Days" means calendar—not business—days.

I.   "Effective date" or "date of entry" means the date the Court enters this Decree.

J.   "Court" refers to the United States District Court for the Middle District of Louisiana.

K.   "Consent Decree" and "Decree" mean this Consent Decree, as entered by the Court.

L.    "Liaison" means a representative appointed by Defendant to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of the terms and conditions of the Decree.

## DURATION

10.   This Consent Decree will remain in effect for three (3) years from the date of its entry.

## PAYMENTS

11.   Defendant, on its own or through its designee, must pay the full, final, and total amount of $105,000.00 ("settlement amount") to Mr. Hodge as specified in greater detail below.  The EEOC acknowledges that the settlement amount constitutes a complete and full settlement of all claims the EEOC has against Defendant arising out of Mr. Hodge's charge of discrimination.

12.   Defendant acknowledges that this total amount is a debt owed to and collectible by the United States.

13.   The EEOC has unilateral discretion to decide the allocation and/or reallocation of the total settlement amount. In particular, the EEOC has sole discretion to determine what portion of the settlement amount is designated as wages and what portion of the settlement amount is designated as damages under 42 U.S.C. § 1981a subject to any correction by the Internal Revenue Service or the

Louisiana Department of Revenue, for which Mr. Hodge shall solely be responsible for any additional tax liability or assessment.

14.    The EEOC will provide Defendant's attorneys of record with (a) the backpay amount Defendant must pay Mr. Hodge, less any applicable withholding, (b) the damages amount (pursuant to 42 U.S.C. § 1981a) Defendant must pay Mr. Hodge, and (c) a Release (attached hereto as Exhibit B) executed by Mr. Hodge.  The EEOC will also provide to Defendant an IRS Form W-4 and Form W-9 executed by Mr. Hodge prior to any payments being made to Mr. Hodge.

15.    Within ten days of receiving (a) the backpay amount, (b) the damages amount, (c) a Release executed by Mr. Hodge, and (d) the IRS Form W-4 and Form W-9 executed by Mr. Hodge, Defendant will pay Mr. Hodge those amounts by checks or electronic funds transfer ("ETF"). Defendant must make tax-related withholdings from the backpay amount, but Defendant must not make withholdings from the individual damages amount. Any withholdings must be itemized in a statement accompanying the payment from which it made such withholdings.

16.    Defendant will either send the checks to Mr. Hodge by commercial delivery service (such as FedEx, UPS, or similar company) at the address provided on the Release executed by him or initiate an electronic funds transfer upon receipt of Mr. Hodge's bank information.

17.    Within seven days of sending the checks or transferring funds to Mr. Hodge, Defendant will send a copy of the checks or transfer documentation (and any

accompanying statement) to the EEOC in the manner specified for notice under this Decree.

18.    Defendant will also timely send any and all appropriate U.S. Internal Revenue Service forms (including W-2 and 1099) to Mr. Hodge via regular U.S. mail at the address on the Release executed by Mr. Hodge.

EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X

19.    The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

20.    Within ten days of the entry of this decree, Defendant agrees to provide, through the EEOC Respondent Portal, 1) the Defendant's EIN and 2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of the Defendant.

21.    The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.  Defendant has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction or the taxability of any sum received by Mr. Hodge under the Internal Revenue Code.

22.    The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

23.    Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC or Defendant.

24.    The parties are not acting in reliance on any representations made by the EEOC or Defendant regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

PROHIBITIONS

25.    While this Consent Decree is in effect, Defendant is hereby enjoined from subjecting any applicant or employee to discrimination or harassment on the basis of that employee's or applicant's race and from retaliating against any employee or applicant who (1) has filed any charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, or (4) has engaged in protected activity under Title VII.

REFERENCES

26.    If asked for a job reference regarding Mr. Hodge, Defendant (a) must not discuss, mention, or allude to in any way—directly or indirectly—this litigation or the circumstances underlying this litigation and (b) must provide a neutral response which sets forth his dates of employment and positions held the same as that which it would ordinarily give to any former employee whose employment concluded voluntarily.

LIAISON

27.    Within 15 days of the entry of this Decree, Defendant must designate a primary liaison, and within 15 days of the removal, resignation, or incapacitation of that or a subsequent liaison, Defendant must designate another (replacement) liaison. The liaison will, by the terms of this Decree, be responsible for ensuring that Defendant complies with the terms and conditions of the Consent Decree. Defendant must empower the liaison accordingly.

28.    Defendant must designate the primary liaison by providing the EEOC with the liaison's name, job title, mailing address, email address, and telephone number and which states that (a) Defendant has assigned the liaison responsibility for ensuring that it complies with the Decree, (b) that the liaison has authority to act on Defendant's behalf with regard to the Decree, (c) that any act or failure to act by the liaison will be attributable to Defendant.  The primary liaison must be either (1) an owner, member-manager, or managerial employee that directly reports to and is supervised by Defendant's chief executive officer(s) or (2) counsel of record to this Action.

29.     If the primary liaison is not Defendant's owner, member-manager, or employee, then Defendant must designate a secondary liaison who is a managerial employee that directly reports to and is supervised by Defendant's chief executive officer(s) and/or president(s), or who is an owner or member-manager. The secondary liaison will have full, equal, and independent responsibility for ensuring that Defendant complies with the terms and conditions of the Consent Decree. Defendant must provide the liaison's name, job title, mailing address, email

address, and telephone number and which states that (a) Defendant has assigned the liaison responsibility for ensuring that it complies with the Decree, (b) that the liaison has authority to act on Defendant's behalf with regard to the Decree, (c) that any act or failure to act by the liaison will be attributable to Defendant, and (d) that the liaison directly reports to and is supervised by Defendant's chief executive officer(s) and/or president(s).

30.    Within 45 days of designating a liaison, Defendant will provide the liaison with a training session of at least one hour on the terms and conditions of the Decree. The trainer of the liaison must be an attorney with at least five years of experience practicing in the area of employment discrimination law.

31.    Within 14 days of the training session, Defendant must provide the EEOC with a declaration by the liaison affirming that the liaison attended the training session and is familiar with the terms and conditions of the Consent Decree.

REPORTS

32.    By January 10th of each calendar year while the Decree is in effect, Defendant must, through the liaison, provide the EEOC with a report containing, but not limited to, the following:

A.    A declaration by the liaison affirming that Defendant has complied with all terms and conditions of the Decree or, if it has not, explaining why it has not and how it will remedy their failure to comply. The declaration must itemize all steps taken under this Consent Decree since the entry of the Decree or the submission of the prior report, whichever is later.

B.   All anti-discrimination, anti-harassment, and anti-retaliation policies enacted, modified, or revoked since the last report.

C.   A list of all covered employees who received training required under this Decree containing the employees' names, job titles, facility, and the date, time, and location where they received the training.

D.   A list of all covered employees who did not receive training required under this Decree containing the employees' names, job titles, and facility, with an explanation of why the training was not complete and the date by which the training will be completed. Any such makeup training must be completed not later than 30 days after the initial report of its non-completion.

E.   (1) All reports or complaints made by a covered employee or employee directly or indirectly supervised by covered employees —whether formal or informal, written or oral—of discrimination or harassment regarding race, (2) all such reports received by any covered employee of discrimination or harassment regarding race, and (3) all reports of discrimination or harassment regarding race received through the toll-free complaint hotline from a covered employee.  Such materials must include, but are not limited to, all actions taken by Defendant in response to the complaint.  Defendant will provide to the EEOC any non-privileged materials related to a report or complaint upon request.

F.   All materials related to any investigation or resolution of any report or complaint by any covered employee—whether formal or informal, written or oral—of discrimination or harassment regarding race.  Such materials must include, but are not limited to, the outcome of the investigation and all actions taken by Defendant as a result of the investigation.

TRAINING

33.   Before the expiration of 120 days of the entry of the Decree, Defendant must provide each covered employee with a training of at least one hour, advising them of the requirements and prohibitions of the anti-discrimination, anti-harassment, and anti-retaliation laws and regulations enforced by the EEOC, with emphasis on Title VII, specifically to include the following:

A.   The purpose and fundamentals of Title VII.

B.   Examples of race-based discrimination.

C.   Examples of race-based harassment.

D.   Examples of retaliation (including examples of protected activity).

E.   Employees' and applicants' rights under Title VII.

F.   Employer responsibilities under the Title VII.

G.   Procedure for reporting discrimination, harassment, and retaliation to Defendant.

H.   Procedure for reporting discrimination, harassment, and retaliation to the EEOC.

I.   Defendant's procedure for investigating and responding complaints of discrimination or harassment.

J.   The consequences Defendant will impose for employees who engage in discrimination, harassment, or retaliation.

34.    Defendant must provide the EEOC with the name and resume of the trainer, the outline for the training, and the materials for the training. The EEOC may reject the trainer, the outline, or the materials within 14 days only upon a reasonable basis and the EEOC must set forth the basis for the rejection of the trainer. If it does so, Defendant must provide the EEOC with the name and resume of a new trainer, a new outline for the training, or new materials for the training, as necessary, within seven days, unless Defendant disagrees with the EEOC's determination, in which case the parties will discuss and confer upon an acceptable trainer.

35.    The training sessions must be in person or via live videoconference during which all participants are able to simultaneously hear and see the presenter (and any slides) and the presenter is able to simultaneously hear and see all participants and in which participants are able to ask questions and the trainer is able to provide contemporaneous answers.

36.    All management covered employees are required to attend the live trainings scheduled under this Decree.   However, if any covered management employee is unable to attend the live-training session, then a make-up live session must be scheduled to occur within 30 days for the benefit of the employees unable to attend the first-scheduled live session.

37.    All employees who are supervised by management-level employees will receive a one-time training through non-live, module-based means (wherein the trainee views audiovisual content and such viewing is verified by a test or other similarly effective means).  The training (whether live or module-based) must occur on the clock (i.e., during official duty time), such that the employees are paid their ordinary wage, and not charged leave, for attending the training. The module-based training is subject to the same content, reporting, and approval requirements set forth in this decree applicable to the live training.

38.     Before expiration of 150 days after the entry of the Decree, covered management-level employees will participate in a two-hour diversity awareness training program.  While the Decree remains in effect, any covered employee who assume a management-level position during the duration of the Decree and has not previously taken the diversity awareness training program must do so within 90 days of assuming management-level duties.  The EEOC may reject the proposed training program within 14 days only upon a reasonable basis and the EEOC must set forth the basis for the rejection of the program. If it does so, Defendant must provide the EEOC with an alternative diversity-based training program within 21 days, unless Defendant disagrees with the EEOC's determination, in which case the parties will discuss and confer upon an acceptable program.


POLICIES

39.    Beginning within 30 days from the entry of this Decree, Defendant must have issued and must maintain policies that, at a minimum, meet the following criteria:

A.  Must prohibit discrimination, harassment, and retaliation against any employee or applicant in violation of Title VII.

B.  Must prohibit any act, policy, or practice that has the effect of discriminating, harassing, or retaliating against any employee or applicant in violation of Title VII.

C.  Must provide a process for employees and applicants to report or complain about discrimination, harassment, and retaliation prohibited by Title VII and provide a process by which Defendant will investigate and resolve all such reports and complaints.  The complaint process must furnish accessible avenues of complaint with a number of choices of individuals to whom complaints can be made, including persons outside the employee's chain of command.   The process must provide for protection of anonymity if the complainant expresses a preference for anonymity or declines to provide personal identifying information.  In addition to other avenues of complaint provided by its policies, Defendant must establish, maintain, and disseminate to all employees a toll-free telephone number, which employees may call to report suspected discrimination, harassment or retaliation.

D.  Must provide that a human resource manager or other responsible individual — with sufficient knowledge of the laws enforced by the EEOC to conduct a competent investigation — will oversee an investigation into

and resolution of all reports and complaints about discrimination, harassment, and retaliation prohibited by Title VII.

E.   Must provide that Defendant will provide any employee or applicant who reports or complains about discrimination, harassment, or retaliation under Title VII with periodic updates regarding the status of the investigation into the report or complaint and will provide the employee or applicant with notice of any resolution.

F.   Must provide that anyone who engages in retaliation prohibited by Title VII will be appropriately disciplined, up to and including discharge.

40.   Defendant shall distribute copies of the policy or policies to all covered employees and employees whom covered employees supervise or manage directly or indirectly. A copy of the policy or policies shall be included in any relevant company or employee manual or handbook and shall be provided and explained during any new employee onboarding process. The policy or policies shall be kept and maintained in a conspicuous and accessible place for all employees.

41.   Within 14 days of implementing, modifying, or revoking any such policies within the period the Consent Decree is in effect, Defendant must provide the EEOC with copies of those policies.

42.   By January 30th of each calendar year while the Decree is in effect, Defendant shall redistribute copies of the policy or policies to all covered employees and employees whom covered employees supervise or manage directly or indirectly. Such redistribution may be electronic means but the redistribution notice to

employees must state: "IMPORTANT INFORMATION ABOUT OUR EQUAL OPPORTUNITY EMPLOYMENT POLICY AND YOUR RIGHT TO A DISCRIMINATION-FREE WORKPLACE."

### RECORDS

43.     Defendant must preserve and maintain all materials, electronic or otherwise, that might be relevant to this action, whether or not they are discoverable or admissible in this action for a period of five (5) years.

44.     Defendant must preserve and maintain all materials, electronic or otherwise, that might be relevant to this Decree, including any reports made pursuant to the Decree and underlying documents, such as materials related to complaints and investigations of discrimination for a period of five (5) years.

45.     Defendant must comply with the recordkeeping and reporting requirements under federal law, including those contained in the statutes and regulations enforced by the EEOC. The express recordkeeping and reporting obligations imposed by this this Decree do not constitute any waiver or obviation of the recordkeeping and reporting requirements imposed by law.

### MONITORING

46.     EEOC may review compliance with this Agreement. Defendant, for the duration of this Consent Decree, will make all covered employees available to the EEOC for interviews for purposes of determining and/or monitoring Defendant's compliance with this Decree.  Requests for employee interviews will be made to the liaison.  Defendant does not have control over whether or not such employees will agree to participate in such an interview with the EEOC.

47.   Defendant shall timely comply with all reasonable requests by the EEOC for materials which are related to its monitoring of compliance with this Decree.

COMMUNICATION

48.   Defendant must send all communications (including, but not limited to, all notices, reports, information, declarations, etc.) related to or required by this Decree to the EEOC through the liaison or Defendant's attorneys of record via email to *all* of the following addresses:

> andrew.kingsley@eeoc.gov
> jacqueline.barber@eeoc.gov
> peter.theis@eeoc.gov
> elizabeth.owen@eeoc.gov
> scott.wilson@eeoc.gov
> gregory.juge@eeoc.gov
> johnny.lundie@eeoc.gov
> alberto.carrion@eeoc.gov

(The EEOC may, from time to time, unilaterally add or remove addresses from this list or alter the method by which it seeks to receive such communications and shall promptly notify the liaison and Defendant's counsel of record of all such changes.  In that event, Defendant will provide all notices to the persons designated by EEOC at that time.)

POSTINGS

49.   Within 10 days of the entry of this Decree, Defendant must post a Notice to Employees, attached hereto as Exhibit B, at least 11 by 17 inches, in at least 14 point font, in all facilities operated by Defendant or in which covered employees work in the place where other notices to employees or applicants are customarily posted. It must remain there for the duration of this Decree.

SUCCESSORS

50.    Defendant must provide notice to the EEOC and must provide a copy of this Decree to any natural or juridical person acquiring, merging with, or becoming an owner or member of Defendant at least 90 days prior to the effectiveness of such acquisition, merger, ownership, or membership.

ENFORCEMENT

51.    Upon notice from the EEOC that Defendant has failed to comply with any term or condition of the Decree, the Defendant may seek to arrange to meet and confer with the EEOC within 14 days of notice of the failure to comply.  The purpose of the conference shall be an informal attempt to resolve the failure.

52.    If Defendant does not arrange to meet and confer with the EEOC within the 14-day period, or if the failure to comply is not informally resolved, the EEOC may seek relief from the Court regarding the failure to comply.  If the EEOC requests such relief and the Court determines that Defendant failed to comply with any such a term or condition without excuse, the Court may, pursuant to its inherent powers to enforce its orders, (1) fine Defendant, (2) hold Defendant in contempt, (3) if consented to by the EEOC, set aside this Decree, reinstate this action, and set this action for trial, (4) provide any other relief available under the Decree or the law; and (5) take any other action the Court deems necessary and appropriate. However, in no event will the setting aside of this Decree, because of Defendant's failure to comply with it, relieve Defendant of any obligation under this Decree.

53.    The parties and the Court agree that if the Court finds Defendant to have willfully violated the Decree, the Court is empowered to impose sanctions and/or

damages, consistent with Title VII and in accordance with the Court's inherent powers to enforce its orders and judgments.

In Baton Rouge, Louisiana, this _____7th_____ day of _____February_____ , 2024.


_Shirley D. Dick_
UNITED STATES DISTRICT JUDGE

### EXHIBIT A

### RELEASE

In consideration for $105,000.00 paid to me by Affordable Rent-to-Own, LLC d/b/a Affordable Home Furnishings in connection with the resolution of *U.S. Equal Employment Opportunity Commission v. Affordable Rent-to-Own, LLC d/b/a Affordable Home Furnishings.*, No. 22-CV-676 (M.D. La.), I, **Christopher Hodge**, waive my right to recover for any claims or damages arising under Title VII of the Civil Rights Act of 1964 that I had against Affordable Rent-to-Own, LLC prior to the date of this release and that were included in the claims alleged in U.S. Equal Employment Opportunity Commission's ("EEOC's") complaint in the above-referenced action and in my Charge of Discrimination with the EEOC.

This _____ day of _____ , _____ .
     DAY             MONTH          YEAR

_____
SIGNATURE

**ADDRESS:**

_____
ADDRESS

_____

_____
CITY            STATE     ZIP CODE

**EXHIBIT B**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New Orleans Field Office**

500 Poydras St., Room 809
New Orleans, LA  70130
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
New Orleans Direct Dial: (504) 635-2531
FAX (504) 595-2884
Website:  www.eeoc.gov

<u>NOTICE TO EMPLOYEES</u>

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in E.E.O.C. v. Affordable Rent-to-Own, LLC, d/b/a Affordable Home Furnishings, No. 22-CV-676 (M.D. Louisiana).

Title VII of the Civil Rights Act of 1964 ("Title VII") is the federal law that prohibits an employer from discriminating against an applicant or employee on the basis of race or retaliating against an applicant or employee who reports that an employer discriminated on the basis of race, who reports that an employer allowed others to discriminate on such basis, who files a charge of discrimination with the EEOC, or who participates in the investigation or prosecution of such a charge.

**These laws prohibit an employer from subjecting an employee or applicant to a hostile work environment because of race or because that employee or applicant engaged in activity protected by law.**

Affordable Rent-to-Own, LLC d/b/a Affordable Home Furnishings does not and will not tolerate discrimination on the basis of race and likewise does not and will not tolerate retaliation against any applicant or employee for reporting such discrimination. Such discrimination and retaliation violate federal law. Any employee who violates the law will be subject to substantial discipline, up to and including termination.

If you believe you or another applicant or employee have been discriminated or retaliated against, please contact the EEOC:

| | |
|---|---|
| *Address*: | Attn: Legal Unit |
| | U.S. Equal Employment Opportunity Commission |
| | 500 Poydras Street, Suite 809 |
| | New Orleans, LA 70130 |
| *Telephone*: | 504-635-2533 |
| *E-mail*: | andrew.kingsley@eeoc.gov, peter.theis@eeoc.gov, |
| | elizabeth.owen@eeoc.gov, scott.wilson@eeoc.gov, or |
| | gregory.juge@eeoc.gov |
| *Website*: | www.eeoc.gov |

This Notice to Employees must remain posted continuously for three (3) years from the date stamped in the header above. This Notice to Employees must not be altered, defaced, removed, or covered.